JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the eight-year sentence he received on his convictions for reckless homicide, a felony of the third degree, and an accompanying firearm specification.
 {¶ 2} Defendant was indicted for the murder of Jeanine Chatman in May 2004. Following a jury trial, defendant was convicted of the lesser offense of reckless homicide with a firearm specification. Defendant was sentenced to a maximum five years on the reckless homicide conviction which was to be served consecutively with a three year prison term on the firearm specification. This appeal followed, in which defendant raises only one assignment of error:
APPELLANT'S DUE PROCESS AND SIXTH AMENDMENT RIGHTS WERE VIOLATED WHEN THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A NON-MINIMUM PRISON SENTENCE BASED UPON FACTUAL FINDINGS MADE BY THE JUDGE AND NOT THE JURY.
 {¶ 3} Defendant argues that when the trial court made factual findings beyond those determined by the jury for purposes of sentencing, the court violated Blakely v. Washington (2004),124 S.Ct. 2531. Defendant further argues that he should have received a minimum one-year prison term on his reckless homicide conviction.[1]
 {¶ 4} This case is controlled by the Ohio Supreme Court's recent decisions in State v. Foster, 2006-Ohio-856 and Statev. Mathis, 2006-Ohio-855. In Foster, the Court determined that some of Ohio's felony sentencing statutes included judicial fact-finding requirements that violated Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Relevant here was the Court's determination that the fact-finding required by R.C. 2929.14(B)(2) (to incarcerate for more than the minimum someone who has never been to prison before) and (C) (to impose the maximum prison term) is unconstitutional. Foster, ¶¶ 59-62. We thus agree with defendant's challenge to the required fact-finding procedure the court was mandated by statute to follow. We do not agree, however, to the remedy defendant proposes.
 {¶ 5} As a remedy, the Supreme Court of Ohio in Foster
severed parts of various statutes, including R.C. 2929.14. As a result, trial courts no longer need to make findings of fact before imposing more than the minimum term on an offender who has never served a prison term (R.C. 2929.14(B)) or before imposing a maximum term (R.C. 2929.14(C)). "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at ¶ 7, syllabus.
 {¶ 6} Just after Foster was decided, the Court rendered its decision in Mathis. In Mathis, decided on other grounds, the Court explained the resentencing procedure required by Foster
on remand to the trial court. The trial court is to conduct a resentencing hearing[2] de novo[3] and in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself. Mathis, at ¶ 38.
 {¶ 7} Defendant's first assignment of error is sustained, insofar as it challenges the trial court for following statutes now deemed to be unconstitutional because they require judicial fact-finding for imposing more than a minimum sentence and for imposing a maximum term.
 {¶ 8} Accordingly, this case is remanded to the trial court for resentencing proceedings in accordance with Foster andMathis.
Judgment accordingly.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, P.J., concurs. Michael J. Corrigan, J., concurs injudgment only.
[1] Reckless homicide is a third degree felony. R.C.2929.14(A)(3) specifies that the statutory sentencing range for a third degree felony is one to five years.
[2] R.C. 2929.19(A)(1).
[3] Because the resentencing hearing is "de novo," the trial court may take and consider new evidence along with considering the existing evidentiary record in the case.